1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMANDO HERNANDEZ MARTINEZ,

Petitioner,

v.

NEIL CLARK,

Respondent.

CASE NO.  C07-1497-RSM-JPD

REPORT AND RECOMMENDATION

I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, has filed a "Request for Verification of My U.S.

Citizenship" pursuant to 28 U.S.C. § 2241, challenging his removal and detention by the U.S.

Immigration and Customs Enforcement ("ICE") on the grounds that he is a United States

citizen.  (Dkt. 6).  Petitioner seeks an order restraining ICE from removing him from the United

States, and ordering ICE to release him immediately.  *Id.*  Petitioner has also filed a Motion for

Release on Bond Pending Adjudication and Request for Stay, maintaining that he is a United

States citizen.  (Dkt. 11).  Respondent has filed a Return, Opposition to Motion for Release on

Bond, and Motion to Dismiss, arguing that petitioner is a native and citizen of Mexico and that

he is lawfully detained pending his removal from the United States.  (Dkt. 23).

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's petition (Dkt. 6) be DENIED, petitioner's motion for release (Dkt. 11) be DENIED, and respondent's motion to dismiss (Dkt. 23) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Armando Hernandez Martinez is a native and citizen of Mexico who entered the United States without inspection at or near San Ysidro, California, on an unknown date in 1969. (Dkt. 19 at L12, R139, R252-53, R309; Dkt. 23, Ex. 1). On October 20, 1994, he was convicted in California of Possession of a Controlled Substance, to wit: Methamphetamine, in violation of the California Health and Safety Code, and was sentenced to sixteen months confinement. (Dkt. 19 at R139, R22). On April 13, 1996, the former Immigration and Naturalization Service[1] ("INS") issued an Order to Show Cause, charging him with deportation for having entered the United States without inspection. (Dkt. 19 at L12). On September 13, 1996, an Immigration Judge ("IJ") ordered petitioner deported to Mexico. (Dkt. 19 at L18). Petitioner waived appeal of the IJ's Order and was deported to Mexico the next day. (Dkt. 19 at L18, L20, R23).

On or about May 13, 2004, ICE encountered petitioner at the Lincoln County Jail in Newport, Oregon, where he was in custody on charges of Delivery and Possession of a Controlled Substance. (Dkt. 19 at R238). Petitioner freely admitted to being a native and citizen of Mexico, and having last entered the United States on September 14, 1996, without inspection. *Id.* Petitioner was convicted of Delivery of a Controlled Substance, and sentenced

---

[1]Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

to 20 days in jail with credit for time served on July 2, 2004.  (Dkt. 19 at R215-18, R252).

On July 6, 2004, ICE served petitioner with a Notice of Intent to Issue a Final Administrative Removal Order, charging him with removal from the United States pursuant to INA § 237(a)(2)(A)(iii), which provides for the removal of "[a]ny alien who is convicted of an aggravated felony."  (Dkt. 19 at L31).  Petitioner admitted the allegations and charges in the Notice of Intent, and waived the 14 day period of execution of the Final Removal Order.  *Id.* Accordingly, ICE issued a Final Administrative Removal Order to Mexico on July 6, 2004, and petitioner was removed to Mexico on July 9, 2004.  (Dkt. 19 at L32, R260, R257, R251).

On or about April 21, 2005, ICE again encountered petitioner at the Lincoln County Jail where he was in custody on pending probation violations.  (Dkt. 19 at R252, R210).  While in custody, petitioner was positively identified by his fingerprints and administrative record.  (Dkt. 19 at R250-52).  On April 22, 2005, ICE served petitioner with a Notice of Intent to Issue a Final Administrative Removal Order, charging him with removal from the United States pursuant to INA § 237(a)(2)(A)(iii), which provides for the removal of "[a]ny alien who is convicted of an aggravated felony."  (Dkt. 19 at R256-57, L46-49).  Petitioner admitted the allegations and charges in the Notice of Intent, and waived the 14 day period of execution of the Final Removal Order.  (Dkt. 19 at L47).  Accordingly, ICE issued a Final Administrative Removal Order to Mexico on April 22, 2005.  (Dkt. 19 at L47).

On September 14, 2007, ICE issued a Warrant of Removal/Deportation and a Warning to Alien Ordered Removed or Deported.  (Dkt. 19 at L50-55).  On September 24, 2007, petitioner filed a Petition for Review and a Motion for Stay in the Ninth Circuit Court of Appeals.  *See Martinez v. Mukasey*, No. 07-73769 (9th Cir. filed Sept. 24, 2007).  Under Ninth

REPORT AND RECOMMENDATION
PAGE – 3

1  Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically

2  issue.

3       On September 25, 2007, petitioner filed the instant habeas petition arguing for the first

4  time that he is "a native Indian and a citizen of the united states by birth as well as by

5  deprivatitive [sic] through my parents."  (Dkt. 6).  Petitioner subsequently filed a Motion for

6  Release on Bond Pending Adjudication and Request for Stay of Removal.  (Dkt. 11).

7       On February 19, 2008, Respondent filed a Return Memorandum, Opposition to Motion

8  for Release on Bond, and Motion to Dismiss, arguing that petitioner is a native and citizen of

9  Mexico.  (Dkt. 23).  Respondent also submitted new information indicating that petitioner was

10  granted Lawful Permanent Resident ("LPR") status on February 18, 1983, when he was twenty

11  years old under a different alien registration number.  (Dkt. 23, Ex. 1).  Petitioner's 1983

12  Application for Immigrant Visa and Alien Registration states that he was born in Sonora,

13  Mexico.  (Dkt. 23, Ex. 1).  An Affidavit of Support submitted by petitioner's mother in

14  connection with his application states that she is a citizen of Mexico.  (Dkt. 23, Ex. 1 at 9).

15       On January 11, 2008, the Ninth Circuit dismissed petitioner's Petition for Review, and

16  the mandate issued on March 25, 2008.  *See Martinez*, No. 07-73769.

17

18                    III.  DISCUSSION

19       Petitioner challenges his underlying removal order by alleging that he is a United States

20  citizen.  (Dkt. 11).  He asks this Court "to intervene and restrain bureau of immigration and

21  customs from removing [him] from united states," and "to order immigration and customs to

22  release [him] immediately."  (Dkt. 6).

23

24

25  REPORT AND RECOMMENDATION
26  PAGE – 4

A.     Subject Matter Jurisdiction.

On May 11, 2005, Congress enacted the REAL ID Act of 2005, which amended the INA by eliminating all district court habeas jurisdiction over orders of removal and vesting that jurisdiction in the court of appeals.  Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231, 310-311 (2005) ("REAL ID Act").  The REAL ID Act provides:

> Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

INA § 242(a)(5), 8 U.S.C. § 1252(a)(5).  The REAL ID Act further provided:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien form the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

INA § 242(b)(9), 8 U.S.C. § 1252(b)(9).

As petitioner's habeas petition presents a challenge to his final order of removal through his claim to United States citizenship, habeas corpus relief is precluded by the REAL ID Act.  *See Iasu v. Smith*, 511 F.3d 881, 887-88 (9th Cir. 2007) (holding that the REAL ID Act eliminated habeas jurisdiction over claims to U.S. citizenship).  Accordingly, the Court lacks

REPORT AND RECOMMENDATION
PAGE – 5

jurisdiction to address the merits of petitioner's citizenship claim.[2]

B.   <u>Detention</u>.

To the extent that petitioner challenges his post-removal-order detention, this Court has jurisdiction to consider his claim.  *See Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005) (holding that the REAL ID Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'"); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006) (holding that the jurisdiction stripping provision of the REAL ID Act doe not apply to habeas corpus petitions that do not involve final orders of removal).

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall removed the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A).  S*ee also Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) ("When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'").  The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

---

[2]Petitioner has requested a stay of removal.  Because this Court is without jurisdiction to consider claims challenging an order of removal, this Court is also without jurisdiction to grant a stay of removal that is derived from that challenge to the final removal order.

REPORT AND RECOMMENDATION
PAGE – 6

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the 90-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the Government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit dismissed petitioner's Petition for Review and the mandate issued On March 25, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, petitioner's 90-day removal period will expire on or about June 25, 2008, and the six month presumptively reasonable period will expire on or about September 25, 2008. Accordingly, the habeas petition should be denied as

REPORT AND RECOMMENDATION
PAGE – 7

1    petitioner is lawfully detained in the removal period.

2                              IV.  CONCLUSION

3            For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

4    and that the action be dismissed.  A proposed Order accompanies this Report and

5    Recommendation.

6            DATED this 2nd day of May, 2008.

7

8                                          James P. Donohue

9                                          JAMES P. DONOHUE
                                           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

     REPORT AND RECOMMENDATION
26   PAGE – 8